UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Moses Jackson Shepherd,   Case No. 24-41366
                          Chapter 7
                          Honorable Lisa S. Gretchko
    Debtor.
_____/

**CHAPTER 7 TRUSTEE'S MOTION TO SELL 2019 ROLLS ROYCE FREE AND CLEAR OF ANY CLAIMS OR INTEREST PURSUANT TO 11 U.S.C. §363(F)**

Homer W. McClarty, Chapter 7 Trustee, through his attorneys, the Taunt Law Firm, and for his Motion to sell 2019 Rolls Royce free and clear of any claims or interests pursuant to 11 U.S.C. § 363(f) (the "Sale Motion"), states as follows:

1. On February 14, 2024, Moses Jackson Shepherd (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

2. Homer W. McClarty (the "Trustee") is the duly appointed Chapter 7 Trustee in this case.

3. Property of the Debtor's bankruptcy estate includes an interest in a 2019 Rolls Royce Dawn, VIN SCA666D52KU118121 (the "Vehicle").

4. The Vehicle is in the custody and control of the Trustee.

5. Prior to the Petition Date, the Vehicle was co-owned by the Debtor and his wholly owned company, Ace Petroleum, Inc.

6. By way of the Debtor's 100% interest in Ace Petroleum, Inc., the Trustee has the authority to control and sign off on the affairs of Ace Petroleum, Inc. Further, the Debtor (through counsel), has authorized the Trustee to sell the Vehicle.

7. The Vehicle is encumbered by one properly perfected secured interest, that being an interest of Huntington National Bank, N.A. ("Huntington"). Pursuant to a payoff letter sent to the Trustee by Huntington, the lien on the Vehicle is in the amount of $177,579.44 as of May 16, 2024, with a per diem of $23.04.

8. Other than the above referenced interests, no other interests, liens, or encumbrances are believed to exist against the Vehicle, whether properly perfected or not.

9. The Trustee received three separate offers for the Vehicle. The offer accepted by the Trustee was the highest and best offer received as of the filing of the Sale Motion.

10. The Trustee has received and accepted (subject to Court approval) an offer of $215,000.00 (the "Sale Price") for the Vehicle from Road Runner Auto

Sales, Inc. (hereinafter, the "Purchaser"), which is the highest and best offer received.

11. The terms of the Trustee's proposed sale of the Vehicle to the Purchaser (the "Sale") are outlined in the attached Order, some of which are identified below:

   a) The Sale Price for the Vehicle shall be $215,000.00. The Purchaser has paid a deposit of $20,000 to the Trustee (the "Deposit"). The Sale Price shall be paid in full, less the Deposit, to the Trustee by the Purchaser by certified check on the Closing Date (as defined below). The Sale Price shall be paid to "Homer W. McClarty, Trustee" and delivered to his attorneys, The Taunt Law Firm, at 700 East Maple Road, Second Floor, Birmingham, MI 48009.

   b) Closing of the Sale shall take place at a time, date, and place mutually agreed upon between Trustee and Purchaser (the "Closing Date"); however, such Closing Date shall be no more than three (3) business days after Bankruptcy Court approval of the Sale of the Vehicle, unless the Trustee agrees to a later date.

   c) On the Closing Date, the Trustee shall provide keys and possession of the Vehicle to the Purchaser and will execute a bill of sale conveying ownership of the Vehicle to the Purchaser and effectuate any other documents necessary for the transfer and Sale of the Vehicle to the Purchaser.

   d) The Sale is subject to Bankruptcy Court approval. To the extent the Sale is not approved by the Bankruptcy Court for any reason with the Purchaser, the Trustee will refund Purchaser's Deposit. If Purchaser fails to close on or before the Closing date, as may be extended, the Deposit will be forfeited and the Trustee may sell the Vehicle to any other party.

   e) The Sale of the Vehicle shall be free and clear of all obligations, security interests, liens, and encumbrances.

f) The Vehicle is being sold by the Trustee "as is" and the Trustee makes no warranties, representations, or guaranties, whether expressed or implied, as to the character or fitness of the Vehicle.

g) The Purchaser is responsible for all costs associated with the transfer of the Title for the Vehicle.

h) The sale of the Vehicle to the Purchaser is subject to higher and better offers.

12. <u>Procedure for Higher and Better Offers</u> - The Trustee will consider an offer to be higher and better if: (i) the offer is at least $2,500.00 more than the Purchase Price (or $2,500.00 more than any other higher offer received by the Trustee), (ii) the offer is accompanied with a deposit, by certified check, of no less than $25,000, and (iii) the offer is otherwise consistent with, or better than, the other terms of the proposed sale to Purchaser. The Trustee will consider higher and better offers through July 1, 2024 at 1:00 pm eastern time. Offers can be made through the Trustee's counsel. If the Trustee has received any higher and better offer by this deadline, the Trustee will contact the Purchaser and any other party that made an offer to: (i) solicit one final "highest and best" offer from each interested party, and/or (ii) arrange an auction between such interested parties on such terms that are dictated by the Trustee, to be completed no later than July 2, 2024. The name, sale price, and deposit amount of the highest and best offer

received by the Trustee will be inserted into the proposed order submitted to the Court for consideration.

13. As noted above, the offer received from Purchaser is the highest and best offer received to date for the purchase of the Vehicle after interest from several parties.

14. While the Trustee asserts that the Purchase price is reasonable and should be approved, the sale to Purchaser is specifically conditioned on the Trustee not receiving a higher and better offer. The Trustee asserts that the procedures set forth above regarding higher and better offers are reasonable and will result in the highest and best offer for the Vehicle. The timing of the proposed procedure will allow any party in interest with standing to object sufficient time to object before the deadline to do so passes.

15. Accordingly, the Trustee submits that the proposed Sale to Purchaser (unless higher and better offers are received pursuant to the procedures of this Sale Motion) is in the best interest of the bankruptcy estate and its creditors.

**Authority to Sell Real Property Free and Clear of Any Interest**

16. Bankruptcy Code § 363(b) provides that after notice and a hearing, a Trustee may sell property of the estate.

17. Under § 363(f)(3) of the Bankruptcy Code, a Trustee may sell property of the estate free and clear of any interest if a lien holder is paid in full.

14.  The Trustee may sell free and clear of Huntington's interests in the Vehicle as the Trustee has agreed (and as is set forth in the attached proposed order) to fully satisfy Huntington's secured claims associated with the Vehicle.

15.  Accordingly, the Court should order a sale of the Vehicle free and clear of any interests identified in this Sale Motion.

17.  The Trustee requests other standard relief, as outlined in the attached Order, related to the sale of the Vehicle. The Trustee asserts that these standard provisions are reasonable and should be approved.

**WHEREFORE**, the Trustee asks that this Court enter an order approving the proposed Sale and other terms outlined in this Sale Motion, as more fully set forth in the proposed order attached as **Exhibit 1**.

**THE TAUNT LAW FIRM**

Date: June 14, 2024

/s/ Dean R. Nelson, Jr.
Dean R. Nelson, Jr.  (P70818)
Attorney for Trustee
700 E. Maple Road, Second Floor
Birmingham, MI 48009
(248) 644-7800
dnelson@tauntlaw.com

## Exhibit 1 – Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Moses Jackson Shepherd,   Case No. 24-41366
                          Chapter 7
                          Honorable Lisa S. Gretchko

    Debtor.
_____/

# ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO SELL 2019 ROLLS ROYCE FREE AND CLEAR OF ANY CLAIMS OR INTEREST PURSUANT TO 11 U.S.C. §363(F)

This matter came before the Court upon the Motion to Sell 2019 Rolls Royce Free and Clear of any Claims or Interests Pursuant to 11 U.S.C. §363(f) (the "Motion", ECF No. _____) filed by the Chapter 7 Trustee, Homer W. McClarty (the "Trustee"). All interested parties were served with notice of the deadline for responses thereto. No response was timely filed, and a certification of no response has been filed. The Court has reviewed the Motion and other pertinent pleadings, and is advised in the premises.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.    The Motion is granted.

2.    The Trustee is authorized to sell the estate's interest in the 2019 Rolls Royce Dawn, VIN SCA666D52KU118121 (the "Vehicle"), along with the

interest of Ace Petroleum, Inc. in the Vehicle, upon the terms set forth in this Order. The Trustee is authorized to sell the estate's interest in the Vehicle along with Ace Petroleum, Inc.'s interest in the vehicle pursuant to 11 U.S.C. §363(h).

3. The proposed Sale of the Vehicle for *[$215,000.00 or highest price]* (the "Sale Price") to [*Road Runner Auto Sales, Inc. or maker of highest offer*] (the "Purchaser") is approved under the following terms (the "Sale"):

   a. The Purchaser has paid a deposit of *[$20,000 or highest deposit offered]* to the Trustee (the "Deposit"). The Sale Price shall be paid in full, less the Deposit, to the Trustee by the Purchaser by certified check on the Closing Date (as defined below). The Sale Price shall be paid to "Homer W. McClarty, Trustee" and delivered to his attorneys, The Taunt Law Firm, at 700 East Maple Road, Second Floor, Birmingham, MI 48009.

   b. Closing of the Sale shall take place at a time, date, and place mutually agreed upon between Trustee and Purchaser (the "Closing Date"); however, such Closing Date shall be no more than three (3) business days after entry of this Order, unless the Trustee agrees to a later date.

   c. On the Closing Date, the Trustee shall provide keys and possession of the Vehicle to the Purchaser and will execute a bill of sale conveying ownership of the Vehicle to the Purchaser and effectuate any other documents necessary for the transfer and Sale of the Vehicle to the Purchaser.

   d. The Debtor, Moses Jackson Shepherd, must cooperate with the Trustee by fulfilling any and all reasonable requests made by the Trustee to facilitate the transfer of the Vehicle to the Purchaser after payment of the Purchase Price, including but not limited to signing the title.

e. The Trustee is authorized to refund any deposit received in connection with the Sale from any party other than the Purchaser. If Purchaser fails to close on or before the Closing date, as may be extended, the Deposit will be forfeited and the Trustee may sell the Vehicle to any other party for any price that equals or exceeds the $215,000 original sale price identified in the Sale Motion without further order of the Court.

   f. The Vehicle is being sold by the Trustee "as is" and the Trustee makes no warranties, representations, or guaranties, whether expressed or implied, as to the character or fitness of the Vehicle.

   g. The Purchaser is responsible for all costs associated with the transfer of the Title for the Vehicle.

4. Under 11 U.S.C. § 363(f), the Vehicle will be sold free and clear of any and all liens and interests all of which - whether consensual or statutory - shall be deemed extinguished with respect to the Vehicle, including but not limited to the lien of Huntington National Bank, N.A.

5. The Trustee may execute any documents or agreements and perform any acts that may be necessary and appropriate to implement, effectuate, and consummate the Sale.

6. All federal, state, and local governmental agencies and departments are ordered and directed to accept all filings necessary and appropriate to consummate the transactions contemplated by this Order.

7. Any issue not addressed by this Order regarding the extent, validity, priority, or enforceability of any interests against the Vehicle or with respect

to the net proceeds of the sale will be determined by this Court at a later date.

8. The 14-day stay provided for in F.R.Bankr.P. 6004(h) will have no effect in respect to the sale, and this Order is effective and enforceable immediately upon entry.

9. The Purchaser of the Vehicle is a good-faith purchaser for purposes of 11 U.S.C. §363(m).

10. The Michigan Secretary of State is authorized to accept a certified copy of this Order as evidence of the Trustee's authority to sell and transfer the Vehicle.

## Exhibit 2 - Notice

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Moses Jackson Shepherd,                      Case No. 24-41366
                                                Chapter 7
                                                Honorable Lisa S. Gretchko

       Debtor.
_____/

## NOTICE OF CHAPTER 7 TRUSTEE'S MOTION TO SELL 2019 ROLLS ROYCE FREE AND CLEAR OF ANY CLAIMS OR INTEREST PURSUANT TO 11 U.S.C. §363(F)

       Chapter 7 Trustee, Homer W. McClarty, has filed a motion with the court (the "Sale Motion") seeking authority to sell a certain 2019 Rolls Royce free and clear of any lien or interest pursuant to 11 USC §363(f) for $215,000.00 cash. The sale is subject to Court approval and higher and better offers, as articulated in and pursuant to the procedures set forth in the Sale Motion and proposed order to the Sale Motion. A complete recitation of the relief requested in the Sale Motion may be obtained by contacting the undersigned.

       **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

       If you do not want the court to grant the requested compensation, or if you would like the court to consider your views on this motion, within twenty-one (21) days you or your attorney must:

       a. File with the Court a written response or an answer, explaining your position at: United States Bankruptcy Court, 211 W. Fort Street, Attn: Clerk of the Court, Detroit, MI 48226. If you mail a response to the Court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to: Dean R. Nelson Jr.
The Taunt Law Firm
700 East Maple Road, 2nd Floor
Birmingham, MI 48009-6359

   b. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

   If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

|  | **THE TAUNT LAW FIRM** |
|---|---|
| Date: June 14, 2024 | /s/ Dean R. Nelson, Jr.<br>Dean R. Nelson, Jr. (P70818)<br>Attorney for Trustee<br>700 E. Maple Road, Second Floor<br>Birmingham, MI 48009<br>(248) 644-7800<br>dnelson@tauntlaw.com |

# Exhibit 3 – Certificate of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

Moses Jackson Shepherd,   Case No. 24-41366
                                                         Chapter 7
                                                         Honorable Lisa S. Gretchko

       Debtor.
_____/

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 14, 2024, I electronically filed the CHAPTER 7 TRUSTEE'S MOTION To Sell 2019 ROLLS ROYCE FREE AND CLEAR OF ANY CLAIMS OR INTEREST PURSUANT TO 11 U.S.C. §363(F) **(the "Sale Motion")**, **Notice of Written Response Required,** and this **Certificate of Service** with the Clerk of the Court using the ECF systems which will send notification to the following ECF participants:

- Elizabeth M. Abood-Carroll    bankruptcyMW@orlans.com, ANHSOA@4stechnologies.com;anhsoa@gmail.com;ANHSOrlans@InfoEx.com

- Marc M. Bakst    mbakst@bodmanlaw.com, lstewart@bodmanllp.com

- Douglas C. Bernstein    dbernstein@plunkettcooney.com, kwebster@plunkettcooney.com

- Heather R. Burnard    EasternECF@Trottlaw.com

- Paul R. Hage    phage@taftlaw.com, ttorni@taftlaw.com;DET_Docket_Assist@taftlaw.com

- Richardo I. Kilpatrick    ecf@kaalaw.com, Rkilpatrick@ecf.courtdrive.com;ksmith@ecf.courtdrive.com;crik11@trustesolutions.net

- Homer W. McClarty    trustee@morganmcclarty.com, MI34@ecfcbis.com;iharmon4321@gmail.com;annbrewer632@gmail.com

- Timothy Mohan     tmohan@foley.com

- Dean R. Nelson     dnelson@tauntlaw.com, ecarter@tauntlaw.com;mmartin@tauntlaw.com

- Jill L. Nicholson     jnicholson@foley.com

- Chadd O'Brien     Chadd.Obrien@elgacu.com, bknotices@elgacu.com

- Matthew L Schulis     ANHSOrlans@InfoEx.com, bankruptcyMW@orlans.com

- Mark H. Shapiro     shapiro@steinbergshapiro.com, jbrown@steinbergshapiro.com

- Ann Marie Uetz     auetz@foley.com, rday@foley.com

I further certify that on June 14, 2024, I served by U.S.P.S. certified mail, **the Sale Motion, and all exhibits thereto, including the Notice of Written Response Required** and this **Certificate of Service** on the following:

The Huntington National Bank, NA
Attn: Stephen D. Steinour, CEO
41 South High Street
Columbus, OH 43287

I further certify that on June 14, 2024, I served by U.S.P.S. first class mail, the **Notice of the Sale Motion**, on those parties listed on the Creditor Mailing Matrix as downloaded on June 14, 2024 and attached hereto.

Dated: June 14, 2024                 /s/ Dean R. Nelson
                                             The Taunt Law Firm
                                             700 E. Maple Rd., 2nd Floor
                                             Birmingham, MI 48009